UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. EDWARDS,<br><br>Petitioner,<br><br>v.<br><br>EDWARD J. BORLA,<br><br>Respondent. | Case No. 24-cv-07447-RFL (PR)<br><br>**ORDER OF DISMISSAL** |

### INTRODUCTION

Petitioner Walter L. Edwards has filed a habeas petition under 28 U.S.C. § 2254 in which he challenges the same state court judgment he challenged in a prior habeas suit that he filed in this district, *Edwards v. Foulk*, No. 14-cv-02769-LHK. The present petition will be dismissed as second or successive to the prior petition.

### BACKGROUND

The first habeas petition challenged his 2011 California state convictions in the Alameda County Superior Court for second degree murder and shooting at an inhabited dwelling. (*Edwards*, No. 14-cv-02769, Dkt. No. 15 at 1.) The petition was denied on the merits. (*Id.*) Edwards did not appeal. The present habeas petition challenges the same state court judgment as the prior petition. (Instant Petition, Dkt. No. 1 at 4; *People v. Edwards*, No. A132814, 2013 WL 1809723 (Cal. Ct. App. Apr. 30, 2013).)

### DISCUSSION

The instant petition is barred by the rule against filing a second or successive petition. As noted, Edwards has filed at least one previous petition regarding the same state court judgment challenged in the instant petition. In order to file a second or successive petition, a petitioner who remains in custody pursuant to the state court judgment must obtain an order from the Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, a district court lacks jurisdiction over the petition. *Burton v.*

*Stewart*, 549 U.S. 147, 153 (2007). Edward remains in custody pursuant the state court judgment of conviction at issue. (Pet., Dkt. No. 1 at 1.) Accordingly, because Edwards has not shown that he has received the required authorization from the Court of Appeals, the instant petition must be dismissed as second or successive.

To the extent Edwards challenges the state court's 2023 denial of his resentencing petition, the petition is dismissed for failure to state a claim. (Pet., Dkt. No. 1 at 3, 30-32.) The United States Supreme Court has held that violations of state law, including state sentencing law, are not remediable on federal habeas review, even if state law was erroneously interpreted or applied. *Swarthout v. Cooke*, 562 U.S. 216, 218-20 (2011). That has long been the rule in this Circuit. *See Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) (no federal habeas claim lies on grounds that state misapplied its own sentencing laws); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (state sentencing errors are "not within the purview of federal habeas corpus"); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) ("Whether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions is a question of state sentencing law.").

## CONCLUSION

The instant petition is DISMISSED as second or successive, the filing of which has not been authorized by the Court of Appeals.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of Respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** December 4, 2024

                                              RITA F. LIN
                                   United States District Judge